IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIONEL R. BEARD, #11819-040, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 16-cv-01209-JPG ) |
| FEDERAL BUREAU OF PRISONS, CHARLES SAMUELS, J. S. WALTON, UNICOR, ASSISTANT MANAGER HUMPHRIES, SEAN WHITECOTTON, and FRED FALMER, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate who is currently incarcerated at the United States Penitentiary in Greenville, Illinois (USP-Greenville), brings this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  (Doc. 1).  While housed at the United States Penitentiary in Marion, Illinois (USP-Marion), Plaintiff claims that he was verbally and physically assaulted by a UNICOR factory supervisor on August 11, 2015.  (Doc. 1, pp. 1-12).  An assistant manager witnessed the assault but would not intervene.  (Doc. 1, p. 8).  When Plaintiff filed a formal complaint, he was placed in USP-Marion's special housing unit (SHU) and then transferred to USP-Greenville "for his own protection."  (Doc. 1, p. 7).

He now claims that these events violated his rights under the First, Fifth, and Eighth Amendments and Illinois state law.  (Doc. 1, pp. 7-10).  In connection with these claims, Plaintiff seeks monetary damages against the Federal Bureau of Prisons (BOP), Charles Samuels (BOP

1

Director), J. S. Walton (warden), UNICOR, Sean Whitecotton (factory manager), Humphries (assistant factory manager), and Fred Falmer (factory supervisor). (Doc. 1, p. 10).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint does not survive preliminary review under this standard.

### The Complaint

While housed at USP-Marion, Plaintiff worked for the Federal Prison Industries, Inc. (known as UNICOR), which is a government corporation within the BOP that offers industrial work programs and training opportunities for federal prisoners. (Doc. 1, pp. 8-9). On August

11, 2015, Plaintiff was verbally and physically assaulted at the UNICOR factory by the employee supervisor, Fred Falmer. (Doc. 1 p. 8). Plaintiff alleges that Falmer used "racially charged slurs" while "violently shoving" him in the chest. *Id*. Plaintiff sustained bruises as a result of the shoving. *Id*. Assistant Manager Humphries witnessed the alleged assault, but took no action to intervene and protect him. (Doc. 1, p. 9). The Complaint offers no additional details regarding the incident. (Doc. 1, p. 8).

Plaintiff filed formal written complaints and grievances to complain about Falmer's misconduct. *Id*. However, Director Samuels took no steps to provide additional supervision over BOP employees or to prevent further harm to Plaintiff and others. *Id*. Warden Walton allegedly retaliated against Plaintiff and violated his right to due process and equal protection of the law by transferring him to USP-Marion's SHU and then to USP-Greenville. *Id*. When Plaintiff asked the warden to explain why he was being transferred, Warden Walton said that it was "for his protection." *Id*.

## **Merits Review Under 28 U.S.C. § 1915A**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

**Count 1 -** Eighth Amendment excessive force claim against Falmer for verbally and physically attacking Plaintiff on August 11, 2015.

**Count 2 -** Eighth Amendment failure to protect claim against Humphries for failing to intervene and stop the assault on Plaintiff that occurred on August 11, 2015.

**Count 3 -** Eighth Amendment claim against Samuels for failing to supervise UNICOR employees after learning of Plaintiff's assault, in an effort to prevent additional assaults on Plaintiff and others.

> **Count 4 -** First Amendment retaliation claims against Walton for transferring Plaintiff to USP-Marion's SHU and then to USP-Greenville because he complained about the incident that occurred on August 11, 2015.
>
> **Count 5 -** Due process and equal protection claims against Walton for transferring Plaintiff to USP-Marion's SHU and then to USP-Greenville "for his protection" following the incident on August 11, 2015.
>
> **Count 6 -** Illinois state law claims for assault and battery, false imprisonment, and racial discrimination.

The parties and the Court will continue using these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Discussion

Plaintiff brings his claims pursuant to *Bivens*, which is the federal counterpart to a § 1983 action against a state official. *Bush v. Lucas*, 462 U.S. 367, 374 (1983). The two actions are conceptually identical. *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). Both *Bivens* and § 1983 "create[ ] a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). When considering the scope of a *Bivens* remedy, courts "frequently look[ ] to [§ 1983] and [its] decisional gloss for guidance." *Id*. The Court will consider each of Plaintiff's claims against this backdrop.

## Count 1

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment under the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). In order to state an excessive force claim, an inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to

maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff complains of verbal harassment, consisting of racial slurs. Standing alone, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (citations omitted). *See also DeWalt*, 224 F.3d at 612 (upholding dismissal of inmate's claim that correctional officer and prison administrator violated the Eighth and Fourteenth Amendments by using racial epithets); *Patton v. Przbylski*, 822 F.2d 697, 700 (7th Cir. 1987) (although unprofessional and inexcusable, racially derogatory remarks did not support a constitutional claim); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling directed at inmate not actionable under Section 1983). Under certain circumstances, however, verbal harassment can support a constitutional claim. *Beal*, 803 F.3d at 358. A claim may arise when the verbal harassment coincides with some other conduct of the defendant that, in combination, amounts to cruel and unusual punishment.

In addition to verbal harassment, Plaintiff complains of an assault, in the form of shoving. Taken together, the racial slurs and shoving might support an excessive force claim against Falmer. However, the Complaint lacks sufficient details regarding the assault and surrounding events to support an excessive force claim at this time.

For example, Plaintiff does not quote Falmer, provide any insight into the language he used, or describe the circumstances leading up to his verbal harassment of Plaintiff. The Complaint offers no information regarding Plaintiff's conduct and whether it may have prompted Falmer to exert physical force in an effort to maintain or restore discipline. Plaintiff omits a basic description of the injuries he sustained, beyond stating that he was bruised. Finally, Plaintiff offers the Court no information regarding his own response to Falmer's use of force. Given these omissions, the Court is unable to determine whether Plaintiff was subjected to force that was unauthorized and lacking in penological justification.

For the reasons stated herein, Count 1 shall be dismissed without prejudice against Falmer. Plaintiff asserts this claim against no other defendants. Accordingly, Count 1 shall be dismissed with prejudice against all other defendants named in this action.

### Count 2

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners and prison officials. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Liability arises when a prison official "knows of and disregards an excessive risk to inmate health or safety[.]" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (citing *Farmer*, 511 U.S. at 837). A claim for failure to protect an inmate has an objective and subjective component. *Id*. (citing *Farmer*, 511 U.S. at 834). To satisfy the objective component of this claim, the harm to which the prisoner was exposed must be objectively serious. *Id*. To satisfy the subjective component, the prison official must have "actual, and not merely constructive, knowledge of the risk." *Id*. In other words, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (quoting *Farmer*, 511 U.S. at 837). A plaintiff may establish actual knowledge of an impending harm, by

showing that he complained to prison officials about a specific threat to his safety. *Gevas*, 798 F.3d at 480 (citations omitted).

The Complaint does not articulate a colorable claim against Humphries for failing to protect Plaintiff from Falmer's alleged assault. This is due, in large part, to Plaintiff's undeveloped factual allegations regarding the assault. Although Plaintiff alleges that Humphries witnessed the incident, the Complaint does not describe the incident with sufficient detail to suggest that Humphries was aware of an excessive risk of harm to Plaintiff's health or safety.

Count 2 shall therefore be dismissed without prejudice against Humphries. Because the Complaint mentions no other defendants in connection with this claim, Count 2 shall be dismissed with prejudice against all other defendants.

### Counts 3, 5, and 6

The Complaint includes insufficient allegations to support an Eighth Amendment claim against Director Samuels for failing to supervise BOP employees (Count 3), due process and equal protection claims against Warden Walton (Count 5) for transferring Plaintiff to USP-Marion's SHU and then USP-Greenville "for his protection," or any state law claims (Count 6) against the defendants. Plaintiff refers to these claims in the Complaint. However, he offers no allegations to meaningfully develop them.

Plaintiff cannot proceed with his claims against the BOP director and prison warden based solely on their supervisory roles. "The doctrine of *respondeat superior* does not apply to § 1983 actions [or under *Bivens*]; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*,

823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

The Complaint does not establish any defendant's personal involvement in the violation of a constitutional right in Counts 3 or 5 and only mentions the state law claims in Count 6 in passing. Despite the fact that Plaintiff is proceeding *pro se* in this matter, he cannot rely on bald or conclusory assertions in support of his claims. Each claim requires some factual underpinning. Plaintiff offers virtually none.

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court in *Twombly* clarified that the Rule 8 standard does not require "detailed factual allegations," but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *See also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 555). Under *Twombly*'s and *Iqbal*'s construction of Rule 8, Plaintiff has not "nudged [his] claims . . . across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).

Because they require further factual development, Counts 3, 5, and 6 shall be dismissed without prejudice to Plaintiff re-pleading these claims. More specifically, Count 3 shall be dismissed without prejudice against Director Samuels, Count 5 shall be dismissed without prejudice against Warden Walton. Both claims shall be dismissed with prejudice against all other defendants because no one else is named in connection with these claims. Finally, Count 6 shall be dismissed without prejudice against all of the defendants.

**Count 4**

To state a claim for retaliation under the First Amendment, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take retaliatory action." *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (citing *Bridges v. Gilbert*, 557 F. 3d 541, 546 (7th Cir. 2009)).

The first element of this claim is satisfied where a prisoner files a non-frivolous grievance. *Id.* (citing *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004)). Plaintiff claims that he filed grievances to complain about the assault. However, he did not file a copy of any grievances with his Complaint. He also offers no details regarding the content of the grievances. Relevant information includes the date of the grievance(s), a summary of the complaints set forth therein, and the intended and actual recipient(s) of each. Without this information, the Court cannot determine whether the chronology of events supports his retaliation claim against the warden.

Moreover, the second and third elements of this claim are not satisfied unless the Complaint actually suggests that Plaintiff's protected activity spurred retaliatory conduct by the defendant. In this case, Warden Walton allegedly transferred Plaintiff to USP-Marion's SHU and then to USP-Greenville, in response to Plaintiff's written complaints of an assault by Falmer. It is difficult to imagine how this conduct amounts to retaliation. On the contrary, the decision to transfer Plaintiff away from the prison official and institution where the assault occurred seems entirely reasonable. Given the factual allegations set forth in the Complaint, the Court cannot discern whether the warden's conduct was taken in retaliation against Plaintiff for filing

grievances or was a reasonable solution to the problem Plaintiff presented in his grievance. *See Santiago v. Anderson*, 496 F. App'x 630, *3 (7th Cir. 2012) (claim of retaliation that encompasses "every ill befalling" an inmate after being declared a frequent correspondent with prison grievance officers properly rejected "at the outset"). Without further factual development, this claim cannot proceed against Warden Walton.

Based on the foregoing discussion, Count 4 shall be dismissed without prejudice against Warden Walton. Because Plaintiff names no other defendants in connection with this claim, it shall be dismissed with prejudice against all other defendants.

### Pending Motion

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 4), which shall be addressed in a separate court order.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted; this includes **COUNT 1** against **FALMER**, **COUNT 2** against **HUMPHRIES, COUNT 3** against **SAMUELS, COUNTS 4** and **5** against **WALTON**, and **COUNT 6** against all of the defendants. These claims are **DIMSISSED** with prejudice against all other defendants because Plaintiff named no other defendants in connection with said claims.

**IT IS FURTHER ORDERED** that Defendants **FEDERAL BUREAU OF PRISONS, CHARLES SAMUELS, J. S. WALTON, UNICOR, ASST. MANAGER HUMPHRIES, SEAN WHITECOTTON,** and **FRED FALMER** are **DISMISSED** without prejudice because the Complaint fails to state a claim for relief against them.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" **on or before March 3, 2017**, if he intends to re-plead his claims. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 16-cv-01209-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the

First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2017**

*s/J. Phil Gilbert*
**District Judge**
**United States District Court**

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.