IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIONEL R. BEARD,
Plaintiff,

v.

Case No. 16–CV–01209–JPG–GCS

FREDDIE FALMIER and
RYAN HUMPHREYS,
Defendants.

## MEMORANDUM AND ORDER

### I. INTRODUCTION

Before the Court is a Report and Recommendation issued by Magistrate Judge Gilbert C. Sison regarding Defendants Freddie Falmier and Ryan Humphreys' Motion for Summary Judgment. (ECF No. 73). Judge Sison recommended that this Court grant Defendants' Motion. (ECF No. 76). Plaintiff Lionel R. Beard objected. (ECF No. 77). After de novo review of the record, the Court **GRANTS** Defendants' Motion for Summary Judgment.

### II. PROCEDURAL & FACTUAL HISTORY

Like Judge Sison, this Court gathered the facts directly from Plaintiff's Amended Complaint, (ECF No. 12–1), and Plaintiff's deposition (ECF No. 73–1).

Plaintiff is a federal inmate that has been incarcerated since 2005. (ECF No. 73–1 at 5). He was housed at the United States Penitentiary in Marion, Illinois from April 2007 until January 2016—where the incident in question allegedly occurred. (ECF No. 73–1 at 6, 19).

Beginning in 2010, Plaintiff worked in UNICOR's electronics factory in cable operations. (ECF No. 73–1 at 8). Specifically, Plaintiff operated a Eubanks machine: a wire cutter. (ECF No. 73–1 at 11). Defendants worked as UNICOR supervisors, and both supervised Plaintiff at some time. (ECF No. 73–1 at 9–10).

On August 11, 2015, Plaintiff arrived at his work station at approximately 7:00 AM. (ECF No. 73–1 at 18, 27). Neither Defendant supervised Plaintiff that day, (ECF No. 73–1 at 22), and Defendant Falmier was giving a tour of the factory to a fire inspector (ECF No. 73–1 at 23). Plaintiff operated the Eubanks machine alongside inmate Terrell Porter. (ECF No. 73–1 at 19). The Eubanks machine, located in the basement, was particularly loud that day because it was connected to a noisy air compressor. (ECF No. 73–1 at 22–23).

When Defendant Falmier brought the fire inspector to the basement, their voices were drowned out by the sound of the air compressor attached to the Eubanks machine. (ECF No. 73–1 at 24). Defendant Falmier instructed Porter to turn off the Eubanks machine, and he did. (ECF No. 73–1 at 24). Although Plaintiff did not hear Defendant Falmier speak to Porter, (ECF No. 73–1 at 24), Plaintiff knew "in a split second" that Defendant Falmier wanted the machine off (ECF No. 73–1 at 28). Despite this instruction, Plaintiff immediately turned the Eubanks machine back on. (ECF No. 73–1 at 24). Plaintiff was concerned that turning the Eubanks machine off mid-cut might cause it to break down. (ECF No. 73–1 at 27).

Agitated by Plaintiff's insistence to keep the Eubanks machine on, Defendant Falmier turned it off himself and confronted Plaintiff, stating, "I said shut the mother fucker off. Don't be such a rude ass, Beard." (ECF No. 73–1 at 24). Plaintiff felt disrespected and approached Defendant Falmier, getting within six inches. (ECF No. 73–1 at 31). Defendant Falmier's demeanor did not show that he felt scared or threatened. (ECF No. 73–1 at 31). The two argued for "maybe a couple few minutes" as others watched, though none intervened. (ECF No. 73–1 at 33–34).

Plaintiff decided to end the argument by walking past Defendant Falmier to clock into work. (ECF No. 73–1 at 35). Defendant Falmier "pushed [Plaintiff] back" and said, "Where you think you

going?" (ECF No. 73–1 at 35).[1] When Plaintiff informed him that was going to clock in, Defendant Falmier told him, "[Y]ou're not going in there. You get the fuck out of here." (ECF No. 73–1 at 35). Plaintiff acquiesced, and Defendant Falmier continued to curse at Plaintiff as he walked away. (ECF No. 73–1 at 36).

Defendant Humphreys, the assistant factory manager, witnessed the incident and did not object. (ECF No. 73–1 at 35–36). Plaintiff hoped, however, that Defendant Humphreys would tell him that it was okay to clock in. (ECF No. 73–1 at 36).

Plaintiff did not return to work that day or the next. (ECF No. 73–1 at 38–39). Two days later, he was placed on administrative detention, where he remained for five months. (ECF No. 73–1 at 39). Plaintiff did not ask for Defendant Humphreys's assistance in filing an incident report. (ECF No. 73–1 at 41).

Plaintiff filed this Bivens action against eight defendants alleging Eighth Amendment violations. Defendants Falmier and Humphreys are the only defendants remaining in the case. At issue are the following claims:

1) "Falmier exhibited deliberate indifference toward Plaintiff in violation of the Eighth Amendment and under Bivens, when he/she verbally and physically assaulted Plaintiff on August 11, 2015"; and

2) "Humphreys exhibited deliberate indifference toward Plaintiff in violation of the Eighth Amendment and under Bivens, when he/she failed to intervene and stop the assault or assist Plaintiff in filing a complaint on August 11, 2015."

(ECF No. 76).

---

[1] Plaintiff stated in his deposition that the contact was "just a push" and that he "didn't think no more about it." (ECF No. 73–1 at 36). He did not get injured, fall back, fall to the ground, or even wince. (ECF No. 73–1 at 36).

Defendants Falmier and Humphreys filed a Motion for Summary Judgment on February 2, 2019. (ECF No. 73). Magistrate Judge Sison recommended that this Court grant the Motion. (ECF No. 76). Plaintiff objected, (ECF No. 77), prompting de novo review.

III.     **LAW & ANALYSIS**

   A.  **Standard of Review**

Any party may object to a magistrate judge's proposed dispositive findings, recommendations, or reports (collectively "R&R"). SDIL-LR 73.1(b). The district court shall review de novo those portions of the R&R that are specified in the party's written objection. Id. The district court may accept, reject, or modify the R&R, in whole or in part. Id.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Spath v. Hayes Wheels Int'l-Ind., Inc., 211 F.3d 392, 396 (7th Cir. 2000). The Court must construe the evidence in the light favorable to the nonmoving party—in this case, Plaintiff—and draw all reasonable inferences in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Chelios v. Heavener, 520 F.3d 678, 685 (7th Cir. 2008).

As the Seventh Circuit has often observed, "summary judgment is the 'put up or shut up' moment in the life of a case." AA Sales & Assocs. v. Coni-Seal, Inc., 550 F.3d 605, 612 (7th Cir. 2008) (citing Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003)).

   B.  **Eighth Amendment Claim Against Defendant Falmier**

According to the Amended Complaint, Plaintiff alleges that he fell victim to "racial slurs" and "violent shoving" at the hands of Defendant Falmier, giving rise to a claim for deliberate indifference under the Eighth Amendment. (ECF No. 12–1 at 3–4). The Court disagrees.

It is well-settled that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment by the Eighth Amendment." U.S. CONST. amend VIII; Ingraham v. Wright, 430

U.S. 651, 670 (1977). What is necessary to establish an "unnecessary and wanton infliction of pain" varies according to the nature of the alleged constitutional violation. Whitley v. Ambers, 475 U.S. 312, 320 (1986). In the excessive force context, the inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). This requires the Court to examine a variety of factors, including "the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." Id. at 7.

Importantly, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force." Id. at 9–10. "Therefore, not every 'malevolent touch by a prison guard' gives rise to a federal cause of action, even if the force in question 'may later seem unnecessary in the peace of a judge's chambers.'" Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001) (quoting Hudson, 503 U.S. at 9); see, e.g., Guitron v. Paul, 675 F.3d 1044, 1045 (7th Cir. 2012) (affirming dismissal of deliberate indifference claim where corrections officer "twisted [the prisoner's wrist] and caused pain that lasted for two months") ("Hudson said that minimal force is not actionable.") (emphasis removed). Plaintiff's objection that "any 'physical' contact between a correctional [sic] and an inmate clearly violates the inmates [sic] Eighth Amendment rights," (ECF No. 77 at 1), is thus a misstatement of the law.

Here, Plaintiff concedes in his deposition that Defendant Falmier's contact with him was "just a push" and that he "didn't think no more about it." (ECF No. 73–1 at 36). He further concedes that he did not get injured, fall back, fall to the ground, or even wince. (ECF No. 73–1 at 36). Plaintiff's deposition testimony thus contradicts his assertion that he was "violently shoved" by Defendant Falmier. (ECF No. 12–1 at 3). And even if that assertion is accepted as true, the Court is not convinced

that a push by a corrections officer when confronted by a defiant inmate six-inches away constitutes deliberate indifference under the Eighth Amendment.

Plaintiff's assertion that Defendant Falmier shouted "racial slurs" also lacks support in the record. Plaintiff's deposition is devoid of any reference of Defendant Falmier making remarks about Plaintiff's race. And standing alone, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015); see, e.g., Gavin v. Ammons, No. 92–3545, 1994 WL 117983, at *1 (7th Cir. Apr. 6, 1994) (finding that death threats made to inmate by corrections officer were insufficient to state a claim for deliberate indifference). Defendant Falmier's verbal insults—however unprofessional—are not enough to establish a federal constitutional claim.

### C. Eighth Amendment Claim Against Defendant Humphreys

According to the Amended Complaint, Plaintiff alleges that Defendant Humphreys "failed to protect" him from Defendant Falmier, giving rise to a claim for deliberate indifference under the Eighth Amendment. (ECF No. 12–1 at 5). The Court disagrees.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526–27 (1984). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

For a claim based on a failure to prevent harm to survive summary judgment, the inmate must prove that: (1) "the harm to which the prisoner was exposed must be an objectively serious one"; and (2) judged subjectively, the prison official "must have actual, and not merely constructive, knowledge of the risk." Gevas v. McLaughlin, 798 F.3d 475, 480 (7th Cir. 2015); see Farmer, 511 U.S. at 834, 843. For this second element, "the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff concedes in his deposition that the harm he was exposed to—"just a push"—was not objectively serious. (ECF No. 73–1 at 36). The alleged harm was so minor that Plaintiff thought nothing of it. (ECF No. 73–1 at 36). Moreover, neither the original Complaint nor the Amended Complaint are verified, and thus the factual allegation that Plaintiff was violently shoved is merely a blanket assertion. See FED. R. CIV. P. 56(e) advisory committee's note ("[W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the . . . party's pleading."); Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 2006). Plaintiff therefore fails to satisfy the first prong.

Additionally, the record is devoid of any indication that Defendant Humphreys thought Plaintiff faced a substantial risk of serious harm, regardless of whether such harm was inflicted. Plaintiff recounts that Defendant Falmier did not appear scared or threatened. (ECF No. 73–1 at 56–57). In short, Plaintiff looked to Defendant Humphreys for validation, not protection. Based on Plaintiff's recollection of the event, there is no indication that Defendant Humphreys perceived the existence of a substantial risk of serious harm, nor should he have.

## IV. CONCLUSION

After de novo review of the record, the Court finds that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law. Accordingly, the Court:

- **ADOPTS** Magistrate Judge Sison's Report and Recommendation (ECF No. 76);

- **OVERRULES** Plaintiff Beard's objection to the Report (ECF No. 77);

- **GRANTS** Defendants Falmier and Humphreys' Motion for Summary Judgment (ECF No. 73);

- **DISMISSES** Counts 1 and 2 of the Amended Complaint **WITH PREJUDICE**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**SO ORDERED.**

**Dated: September 10, 2019**

                                               **S/J. Phil Gilbert**
                                               **J. PHIL GILBERT**
                                               **UNITED STATES DISTRICT JUDGE**