IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIONEL R. BEARD,
Plaintiff,

v.

Case No. 16–CV–01209–JPG–GCS

RYAN HUMPHREYS and
FREDDIE FALMIER,
Defendants.

## ORDER

This is a closed civil-rights case. Before the Court is Defendants Ryan Humphreys and Freddie Falmier's Bill of Costs. (Bill of Costs, ECF No. 80). They seek recovery of $449.20 from Plaintiff Lionel R. Beard for fees charged by the court reporter that transcribed Plaintiff's deposition. (Id. at 3). Plaintiff objected. (Obj., ECF No. 82).

Federal Rule of Civil Procedure 54(d) authorizes the Court to award costs to prevailing parties. See also Rivera v. City of Chi., 469 F.3d 631, 634 (7th Cir. 2006) ("The rule provides a presumption that the losing party will pay costs"). The term "costs" includes the following:

> (1) Fees of the clerk and marshal;
> (2) *Fees for printed or electronically recorded transcripts necessarily obtained for use in the case*;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (emphasis added); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439 (1987) ("[Section] 1920 defines the term 'costs' as used in Rule 54(d).").

— 2 —

In his objection, Plaintiff correctly states that only costs that are "specifically recognized by statute are recoverable." (Obj. 1–2). Indeed, "taxable costs are limited by statute and are modest in scope." Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 573 (2012). That said, Congress specifically allowed for the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. And that is the basis for Defendants' Bill of Costs. Plaintiff does not challenge the propriety of the costs, only the Court's authority. Since the Court is authorized by statute to award costs under these circumstances, Defendants' Bill of Costs is **GRANTED**.

**IT IS SO ORDERED.**

**Dated: Wednesday, April 15, 2020**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**